UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Student Doe 1 by and through his
Parents/Guardians Does 1 and 2,
et. al.

      Plaintiffs    : Civil Action No. 09-2095

V.

The School District of Lower Merion

      Defendant

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION
PURSUANT TO RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiffs, Students Doe 1 through 9, by and through their undersigned counsel now move for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. In support of said Motion, Students Doe aver the following:

1. On May 14, 2009, Students Doe filed a Three Count Civil Rights Complaint against Defendant, the School District of Lower Merion, in which they requested preliminary injunctive relief, and permanent injunctive relief, from Lower Merion's school redistricting plan that was adopted on January 12, 2009.

2. Students Doe contend that Lower Merion's plan violates the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 1981, and Title VI of the Civil Rights Act, 42 U.S.C. Section 2000d et. seq.

3. In Paragraphs 17 through 67 of their Civil Rights Complaint, Students Doe establish that the redistricting plan at issue mandates that they be illegally bused to a new high school, i.e. Harriton High School, instead of being allowed to continue to attend

their neighborhood high school, i.e. Lower Merion High School, which is within walking distance due to their race. Students Doe are all minority students in that they are all African Americans.

4. Students Doe's Complaint was properly served on Lower Merion on May 19, 2009, and Lower Merion filed a Motion to Dismiss on June 8, 2009. Students Doe answered said Motion on June 12, 2009.

5. It is believed and therefore averred that Students Doe will be able to prove at a Preliminary Injunction Hearing that:

(a). they are likely to succeed on the merits;

(b). they will suffer irreparable harm if relief is not granted;

(c). granting injunctive relief will result in no greater harm to Lower Merion; and

(d). granting the relief requested will be in the public interest.

6. The Preliminary Injunction Students Doe seek will restore the status quo, i.e. Students Doe will once again have the choice to either attend Lower Merion High School or Harriton High School just as they did prior to Lower Merion's adoption of its redistricting plan on January 12, 2009.

7. While counsel for Students Doe has already conducted a fairly extensive document review of Lower Merion's records prior to instituting suit pursuant to the Pennsylvania Right to Know Act, there is still some limited discovery that is needed before the Preliminary Injunction Hearing takes place. It is further believed that completion of said discovery before the Hearing will help to expedite the Hearing which may take up to four (4) trial days. Said discovery needs include:

(a). Lower Merion's response to a limited Set of Interrogatories;

(b). Lower Merion's response to a limited Set of Document Requests;

(c). Lower Merion's response to one (1) Request for Admission and related Interrogatory; and

(d). conducting the depositions of following Lower Merion witnesses: Dr. Christopher McGinley (Superintendent); Dr. Jamie Savedoff (Former Superintendent); Dr. Michael Kelly (Assistant Superintendent); Ross Haber (Demographic and Redistricting Consultant); Harris Sokoloff (Redistricting Consultant); Ellen Petersen (Redistricting Consultant); and some of the Lower Merion School Board Members.

8. Counsel for Students Doe served his Rule 26 Disclosure on Lower Merion on June 2, 2009, and simultaneously served therewith the written Discovery Requests outlined in preceding paragraph. True and correct copies of said Discovery Requests are appended hereto.

**WHEREFORE,** Students Doe respectfully requests that this Honorable Court grant them the following relief:

(1). Set an expedited Discovery Schedule whereby Lower Merion will answers all written Discovery Requests on or before July 2, 2009;

(2). Set an expedited Discovery Schedule whereby Dr. Christopher McGinley (Superintendent), Dr. Jamie Savedoff (Former Superintendent), Dr. Michael Kelly (Assistant Superintendent), Ross Haber (Demographic and Redistricting Consultant), Harris Sokoloff (Redistricting Consultant), Ellen Petersen (Redistricting Consultant), and the members of the Lower Merion School Board Plaintiffs wish to depose, will have their depositions concluded one week prior to the Preliminary Injunction Hearing:

(3). Set a date for a Preliminary Injunction Hearing to occur one week after the aforementioned depositions are concluded; and

(4). Grant a Preliminary Injunction based on the evidence presented at the Preliminary Injunction Hearing, and the caselaw cited in the accompanying Brief, which will enjoin the implementation of Lower Merion's redistricting plan adopted on January 12, 2009, and grant Students Doe back their right to choose to attend either Lower Merion High School or Harriton High School.

Respectfully submitted,

_David G. C. Arnold_

Pennsylvania Attorney Identification No. 49819

Suite 109, Royal Plaza
915 Montgomery Avenue
Narberth, Pennsylvania 19072
(484) 562-0008

Attorney for Plaintiffs

Dated: June 12, 2009