

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STUDENT DOE 1, et al. : CIVIL ACTION

v.

THE SCHOOL DISTRICT OF LOWER : NO. 09-2095
MERION

FILED
JUN 17 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## ORDER

AND NOW, this 17th day of June, 2009, after consideration of Defendant's Rule 12 Motion to Dismiss the Complaint, or in the Alternative, for a More Definite Statement (Doc. No. 3), it is hereby ORDERED that the Motion is DENIED. The Court will briefly note its reasons.

Plaintiffs have not violated any rule of procedure by asserting the names of Plaintiffs anonymously, and therefore this is not grounds for dismissal. Federal Rule 5.2 and Local Rule 5.1.3 allow modification or partial redaction of names of minor children. However, to the extent that Defendant is prejudiced by Plaintiffs' anonymity, the Court will discuss such issues with the parties during the telephone conference to be held June 24, 2009. The Court may then require Plaintiff to file a Motion to Proceed Anonymously, as this is the usual method for considering the use of pseudonyms in litigation. See Doe v. Pleasant Valley Sch. Dist., 2007 WL 2234514 (M.D. Pa. Aug. 1, 2007).

Defendant's arguments that Plaintiffs do not have Article III standing, have failed to establish requisite injury, and have failed to plead intentional discrimination are rejected. The Supreme Court's recent decision in Parents Involved in Community Schools v. Seattle School District No. 1, 551 U.S. 701 (2007), which the Defendant conspicuously and inexcusably failed

to cite, is controlling on these Rule 12 issues and presents the basis of the current case. Plaintiffs' Complaint asserts numerous factual allegations that Defendant intentionally discriminated on the basis of race in its redistricting process.

Further, Defendant's contention that Plaintiffs have no private right of action under Section 1981 lacks merit. The Complaint specifically asserts a cause of action under Section 1983 for the alleged violation of Section 1981. See McGovern v. City of Philadelphia, 554 F.3d 114, 121 (3d Cir. 2009) (holding that Section 1983 creates the exclusive federal remedy for a violation of the rights guaranteed in Section 1981).

The Court expects defense counsel to research and bring to the Court's attention relevant decisions of the Supreme Court and the Third Circuit Court of Appeals as this case progresses.

In addition, the Court has reviewed Plaintiffs' requests for expedited discovery contained in its Motion for Preliminary Injunction and will require Defendant to serve any written objections to written discovery requests by June 23, 2009, and supply answers to any un-objected requests by July 2, 2009. Any objections will be discussed during the phone conference being held on June 24, 2009.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 09-10\09-2095 Doe v. Lower Merion\Doe v. Lower Merion - Order deny MTD.wpd