# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STUDENT DOE 1, et al. : CIVIL ACTION
:
v. :
:
LOWER MERION SCHOOL DISTRICT : NO. 09-2095

## MEMORANDUM AND ORDER UNSEALING BRIEFS AND EXHIBITS

The First Amendment does not permit anyone (including judges) to have private access to an inherently public dispute in a federal court. The occasional sealing of some Court documents containing proprietary and confidential commercial information in various types of business litigation should not be extended to civil rights litigation.

Asserting First Amendment rights, two Petitions by members of the media seek access to briefs and exhibits filed under seal in this case without the Court's permission. Initially, on February 12, 2010, an individual reporter, Richard Ilgenfritz, pro se, filed a Petition for Access to Judicial Records (Doc. No. 48). On February 22, 2010, Philadelphia Newspapers, LLC ("PNL"), represented by counsel, filed a Motion to Intervene and to Unseal Record (Doc. No. 51), seeking essentially the same relief that Mr. Ilgenfritz sought in his pro se Petition. The Court promptly scheduled a hearing for February 22, 2010, attended by Petitioner Ilgenfritz and counsel for PNL and for the parties. The Court granted intervenor status in this litigation to Ilgenfritz and PNL.

Counsel for the parties in the case indicated that they did not oppose unsealing the briefs and exhibits in the case, with three exceptions:

1. The identity of the student Plaintiffs and their parents.

2. Personal identifiers such as Social Security Numbers, birth dates, and home

-1-

addresses.  See generally Fed. R. Civ. P. 5.2; E.D. Pa. Local R. Civ. P. 5.1.3.[1]

3. The full names of certain citizens who had written to School Board members and others, principally by e-mail, and who had a reasonable expectation of privacy.  The Court suggested and the parties agreed that these names would be redacted by substitution of the initials of the individual and/or businesses identified in the e-mails.

During the hearing on February 22, 2010, Petitioners Ilgenfritz and PNL indicated that they did not object to the three items of exception, as set forth above.

This Court never entered an Order allowing the filing of any documents under seal.  It is clear and undisputed that this is a case of great public interest.  The sealing of some briefs and all exhibits, which deal with the processes by which the Defendant Lower Merion School District arrived at its student assignment plan for high schools, precluded public scrutiny of these deliberations.

Local Civil Rule 5.1.5 sets forth the requirements for sealing of documents in civil actions.  It is clear from this Rule that a document in a civil action may be filed only under seal if a federal statute prescribes the sealing of a record, as in qui tam cases, or the Court orders the documents sealed.  The Rule sets forth further procedures.  The undersigned understands that the Clerk's Office has a procedure that the assigned judge will be notified if a document is filed under seal in a case where sealing is not required by statute or allowed by Court order.

The law is clear that in this type of case, public airing of the legal dispute is essential under the protections of the First Amendment.  See generally Pansy v. Borough of Stroudsburg,

---

[1] These privacy matters were addressed in the Court's Order, dated June 17, 2009 (Doc. No. 7).

28 F.3d 772, 787-90 (3d Cir. 1994); Glickstein v. Neshaminy, No. 96-6236, 1998 WL 83976 (E.D. Pa. Feb. 26., 1998) (Hutton, J.); Doe v. Methacton Sch. Dist., 878 F. Supp. 40 (E.D. Pa. 1995) (Joyner, J.).[2]

**Procedure To Be Followed**

At the hearing on February 22, 2010, all parties agreed on the appropriate procedure. The briefs that have been filed by the School District have not been filed under seal and are currently available. It is further ORDERED as follows:

1. Richard Ilgenfritz and PNL are GRANTED intervention in this case.

2. Plaintiff's counsel shall make his briefs available in the Clerk's Office as of February 23, 2010.

3. Counsel for both parties have until the close of business on February 24, 2010 to substitute specific pages of exhibits they have filed under seal, including those filed in support of their positions on the pending Motion for Summary Judgment, by substituting redacted pages for those pages currently filed under seal that contain the either names of Plaintiffs, personal identifiers, or names of citizens/businesses communicating with the School Board.

BY THE COURT:

s/Michael M. Baylson

Date: 2/23/10

Michael M. Baylson, U.S.D.J.

O:\CIVIL 09-10\09-2095 Doe v. Lower Merion\Doe v. Lower Merion - Memo & Order II Pet Intervene.wpd

---

[2]The sealing of Court records is a matter of national concern. See Federal Judicial Center, Sealed Cases in Federal Courts (2009) (detailing sealed federal cases and how the cases came to be sealed). The Judicial Conference's Standing Committee on Rules of Practice and Procedure continues to study the issue.