IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Student Doe 1 by and through his Parents/Guardians Does 1 and 2, et al.** | : : : : | |
| **Plaintiffs,** | : : : | **CASE NO. 2:09-cv-02095-MMB** |
| **v.** | : : : | |
| **Lower Merion School District,** | : : : | **ELECTRONICALLY FILED** |
| **Defendant.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
LOWER MERION SCHOOL DISTRICT'S MOTION IN LIMINE
TO EXCLUDE EXHIBITS P-190, P-191, P-192 AND P-193 PREPARED BY
JAMES B. SPEER AND ANY TESTIMONY RELATED TO THOSE EXHIBITS**

 /s/ *Judith E. Harris*
Judith E. Harris (PA I.D. No. 02358)
Christina Joy F. Grese (PA I.D. No. 200727)
Allison N. Suflas (PA I.D. No. 204448)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5028/5085/5762

Kenneth A. Roos, Esquire
Megan E. Shafer, Esquire
Wisler Pearlstine, LLP
484 Norristown Road
Blue Bell, PA 19422
610-825-8400

*Attorneys for Defendant
Lower Merion School District*

Dated: March 19, 2010

**I.      INTRODUCTION**

In support of their claims against Lower Merion School District ("District" or "Defendant") for alleged violations of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. Section 1981 ("Section 1981") and 42 U.S.C. § 2000d ("Title VI"), Plaintiffs intend to introduce, at trial, exhibits prepared by James B. Speer ("Speer exhibits"). The Speer exhibits purport to show the percentage of persons who are Black or African American in the Lower Merion School District. The Speer exhibits, however, have no probative value and are inadmissible under Rule 402 of the Federal Rules of Evidence because: (1) they are irrelevant to Plaintiffs' disparate treatment claims; and (2) cannot be relevant to a disparate impact claim, since Plaintiffs cannot maintain such a claim. Moreover, the Speer exhibits are inadmissible under Federal Rule of Evidence 403 because any probative value they may have is substantially outweighed by the unfair prejudice, confusion, and/or delay that would be caused if they are admitted. For all these reasons, which are more fully explained below, the District respectfully requests that the Court exclude the Speer exhibits and any testimony regarding these exhibits from trial.

**II.     ARGUMENT**

    **A.      The Court Should Exclude The Speer Exhibits And Any Testimony Regarding Those Exhibits Because They Are Irrelevant To Plaintiffs' Claims.**

The Speer exhibits are inadmissible at trial because they have no bearing on Plaintiffs' disparate treatment claim of discrimination. The Federal Rules of Evidence preclude admission of all evidence that is not relevant to facts to be proved at trial. See Fed. R. Evid. 401 Advisory Committee note; Fed. R. Evid. 402; see also Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 187-188 (3d Cir. 1990) (excluding testimony regarding termination decisions that lacked "any appreciable link" to plaintiff's age discrimination claims); Inline Connection Corp. v. AOL Time

Warner Inc., 470 F. Supp. 2d 424, 433 (D. Del. 2007) (partially excluding testimony from plaintiff's expert because "for a fact to be relevant it must be of consequence to the issue under determination"). Evidence is not relevant if it does not tend to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). In other words, if evidence has no bearing on any material element of a plaintiff's case to be proved at trial, it is inadmissible. See Wallace v. Graphic Mgmt. Assocs., Inc., No. 04-0819, 2005 WL 527112, at *1 (E.D. Pa. March 3, 2005) (granting in part defendant's motion in limine to exclude as irrelevant evidence of national origin discrimination unrelated to plaintiff's § 1981 claim for race, ethnicty and ancestry discrimination).

     The Speer exhibits are inadmissible because they fail to make the existence of any fact that is of consequence to the determination of Plaintiffs' disparate treatment claim more probable or less probable than it would be without the evidence. To prevail on a disparate treatment claim, Plaintiffs must show proof of racially discriminatory intent or purpose. See, e.g., City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194, (2003). "Discriminatory intent 'implies that the decision-maker. . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.'" Antonelli v. New Jersey, 419 F.3d 267, 273 -274 (3d Cir. 2005) (quoting Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279, (1979)). The Speer exhibits have no bearing whatsoever on whether the decision-makers in this case selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon Plaintiffs. Rather, the Speer exhibits merely show the percentage of persons who are Black or African American in the Lower Merion School District, as of 2000. As such, the Speer exhibits can hardly be considered

2

relevant in determining whether the District's Board of School Directors ("Board") intended to discriminate against African Americans students in its 2009 redistricting plan.

Furthermore, the Speer exhibits are not relevant to a disparate impact claim. It is well-settled that neither the Fourteenth Amendment to the United States Constitution, Section 1981, nor Title VI allows disparate impact claims.[1] See, e.g., Crawford v. Marion County Election Bd., 128 S. Ct. 1610, 1626 (2008) (holding that disparate impact claims are not available under the 14th Amendment's Equal Protection clause); Alexander v. Sandoval, 532 U.S. 275, 281 (2001) (holding that private parties may not invoke Title VI disparate impact regulations to obtain redress for disparate impact discrimination because Title VI itself prohibits only intentional discrimination); S. Camden Citizens in Action v. N.J. Dep't of Envtl. Protection, 274 F.3d 771, 783, 791 (3d Cir. 2001) (holding that that disparate impact regulations adopted pursuant to § 602 of Title VI do not create a right enforceable via § 1983); Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 562-63 (3d Cir. 2002) (finding that both Section 1981 and Title VI provide a private cause of action for intentional discrimination only). The Speer exhibits therefore cannot be relevant to any disparate impact claim, since as a mater of law, Plaintiffs cannot maintain any such claim.

    **B.**    **The Speer Exhibits And Any Testimony Regarding Those Exhibits Should Also Be Excluded Under Federal Rule of Evidence 403.**

Even if the Speer exhibits were relevant, which they are not, this Court should exercise its discretion to exclude them pursuant to Federal Rule of Evidence 403. Even potentially relevant evidence may be excluded where its probative value is outweighed by unfair prejudice,

---

[1] Plaintiffs presumably have conceded their inability to state a claim for disparate impact, as indicated by their failure to address the disparate impact arguments raised in the District's Motion for Summary Judgment. While they purport to reserve the right to argue "at a later time if necessary" that, contrary to the Supreme Court's holding in Grutter, Title VI and Section 1981 provide greater protections and bar broader conduct than does the Fourteenth Amendment, they have yet to address head-on the District's argument that disparate impact claims are not available under any of these provisions.

confusion of the issues, undue delay or waste of time.  See Fed. R. Evid. 403; see also In re Paoli R.R. Yard PCB Litig., 113 F.3d 444, 453 (3d Cir. 1997) (excluding evidence unrelated to plaintiffs' claims and observing that "the court must balance the genuine need for the challenged evidence against the risk that the information will confuse the jury and delay trial"); Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 188 (3d Cir. 1990) (affirming exclusion of evidence where its relevance was outweighed by its potentially prejudicial effect).

      The Speer exhibits warrant exclusion under this standard.  As an initial matter, the data relied upon by Mr. Speer in compiling the exhibits, the 2000 census data, are a decade old.  In fact, the census is currently in the process of compiling updated data.  Therefore, the 2000 census data should no longer be considered an accurate reflection of the percentage of persons living in the Lower Merion School District who are Black of African American.  Furthermore, even if the information were current, the Speer exhibits present undifferentiated information that does not take into account the following factors: the percentage of the population that is school-aged children; the percentage of the population which attends public or private school; the percentage of the population which is home-schooled; and the percentage of the population that requires special education services that either preclude or require them to attend a certain school within or outside the Lower Merion School District.  Instead, the Speer exhibits purport to provide census data on the entire Black or African American population in the Lower Merion School District, regardless of whether that population even attends school within the Lower Merion School District.  Therefore, the information contained in the Speer exhibits fails to reflect accurately the population at issue in this case.  Consequently, the Speer exhibits are not only irrelevant to Plaintiffs' claims, they also will likely prejudice the District, it, confuse the issues in this case, and result in undue delay and waste of time.  Thus, the Speer exhibits should be excluded.

### III.     **CONCLUSION**

Accordingly, for all the foregoing reasons, Plaintiffs should be precluded from introducing the Speer exhibits (P-190, P-191, P-192 and P-193), and any testimony regarding those exhibits, into evidence at trial on the grounds that they are irrelevant and do not meet the requirements of the Federal Rules of Evidence. In addition, the Speer exhibits are inadmissible under Federal Rule of Evidence 403 because any probative value they may have is substantially outweighed by the unfair prejudice, confusion, and delay that would be caused if they are admitted.

Respectfully submitted,

 /s/ *Judith E. Harris*
Judith E. Harris (PA I.D. No. 02358)
Christina Joy F. Grese (PA I.D. No. 200727)
Allison N. Suflas (PA I.D. No. 204448)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5028/5085/5762

Kenneth A. Roos, Esquire
Megan E. Shafer, Esquire
Wisler Pearlstine, LLP
484 Norristown Road
Blue Bell, PA 19422
610-825-8400

*Attorneys for Defendant*
*Lower Merion School District*

Dated: March 19, 2010